IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PLANNED PARENTHOOD OF THE COLUMBIA/WILLAMETTE, INC.; et al., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 95-1671-JO |
| | ) | |
| v. | ) | <u>INJUNCTION</u> |
| | ) | |
| AMERICAN COALITION OF LIFE ACTIVISTS; ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

JONES, Judge:

WHEREAS, plaintiffs have moved this court (#828) for an injunction enjoining and restraining defendant Michael Bray, his agents and all persons in active concert or participation with him, from disposing of, secreting, pledging, encumbering, conveying, transferring, damaging, mortgaging, or otherwise disposing of, in whole or in part, or in any other way making unavailable to the processes of any court, the real property located at 308 High Street, Wilmington, Ohio 45177, and all furniture and fixtures therein (the "Ohio Property"), or any portion thereof or interest therein; and

WHEREAS, after reviewing plaintiffs' motion and supporting papers, the court issued an Order to Show Cause dated January 4, 2005, in which the court ordered that, pending the hearing and determination of plaintiffs' motion for an injunction, defendant Bray, his agents and all persons in active concert or participation with him, are ENJOINED and RESTRAINED from disposing of, secreting, pledging, encumbering, conveying, transferring, damaging, mortgaging, or otherwise disposing of, in whole or in part, or in any other way making unavailable to the processes of any court, the Ohio Property, or any portion thereof or interest therein; and

WHEREAS, Bray's response, received on February 8, 2005, does not demonstrate good cause for denying plaintiffs' motion or modifying the preliminary injunction; and

The court having reviewed and considered plaintiffs' motion, Bray's response, and all prior papers and proceedings in this action, it is hereby ORDERED that:

1.    Plaintiffs have effected proper service on defendant Michael Bray in accordance with the Order to Show Cause.

2.    Good cause exists for the relief requested by plaintiffs.  Plaintiffs have demonstrated there is good cause to believe that Bray might attempt to dispose of the Ohio Property in order to frustrate collection of plaintiffs' judgment and amended judgment on remand.  Moreover, plaintiffs have demonstrated likely success on the merits of their claim, that they will suffer irreparable harm should an injunction not be issued, and that the equities overwhelmingly favor plaintiffs. Accordingly, the court finds and determines that the injunction requested by plaintiffs is warranted under the court's equitable powers, Fed. R. Civ. P. 69(a), and Oregon law.  Plaintiffs' motion (#828) for an injunction and motion (#829) to

register the judgment in Ohio are granted.

3.    Pursuant to the court's equitable powers, Fed. R. Civ. P. 69(a), and Oregon law,

defendant Bray, his agents and all persons in active concert or participation with

him, are hereby ENJOINED and RESTRAINED from disposing of, secreting,

pledging, encumbering, conveying, transferring, damaging, mortgaging, or

otherwise disposing of, in whole or in part, or in any other way making

unavailable to the processes of any court, the Ohio Property, or any portion

thereof or interest therein, until further order of this court.

DATED this 10th day of February, 2005.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge